580 P.2d 493

**Richard G. GARNER, Personal Representative of the Estate of Carl A. Garner, Plaintiff-Appellant,**

v.

**VALLEY SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.**

**No. 3407.**

Court of Appeals of New Mexico.

May 23, 1978.

Harvey W. Fort, Rosenberg & Fort, Carlsbad, for plaintiff-appellant.

Chad Dickerson, Losee, Carson & Dickerson, P. A., Artesia, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Plaintiff sought recovery of money withdrawn from a savings account. Recovery was sought under two theories: (1) breach of the contract for a joint tenancy savings account, and (2) violation of § 48–15–106(B), N.M.S.A. 1953 (Repl. Vol. 7, Supp. 1975). We discuss each theory. Our jurisdiction is based on the alleged statutory violation. Section 16–7–8(A), N.M.S.A. 1953 (Repl. Vol. 4) and U.J.I. Civil 11.1.

The joint tenancy savings account was established in 1970. There were two authorized signatures—C. A. Garner (the father), and Howard Garner, one of C. A.'s sons. When established, defendant was "directed to act pursuant to any one or more of the joint tenants' signatures . . . in any manner in connection with this account and . . . to pay, without any liability for such payment, to any one . . . at any time."

In December, 1975 Howard went to defendant's office and added three brothers "as joint tenants on Said Account." Thus, with this addition, there were five joint tenants—the father and the four sons. Howard instructed defendant "that any three signatures were thereafter to be required prior to any withdrawal by any joint tenant from Said Account." Defendant noted these instructions on its records.

In February, April and July, 1976 the father withdrew from the savings account "upon his signature alone". Plaintiff seeks recovery from the defendant for the sum of these withdrawals.

### Breach of Contract

The complaint alleges that the father contracted with defendant that three signatures would be required for withdrawals. There is no evidence that the father entered such a contract. There is no evidence that the father ever instructed defendant contrary to his instructions in 1970. Under the 1970 instructions, the father could withdraw from the account on his signature alone.

Plaintiff's theory, reflected in his requested findings of fact and in his brief-in-chief, is that defendant contracted with Howard to require three signatures for withdrawals from the account. Any breach of such a contract is not involved in this appeal. This suit was brought by the personal representative of the deceased father; the suit was for the alleged breach of a contract with the father. There being no three-signature contract with the father, the estate's breach of contract claim fails.

"It is a general rule of law that one who is not a party to a contract cannot maintain a suit upon it." *Bank of New Mexico v. Rice,* 78 N.M. 170, 429 P.2d 368 (1967). The estate of the father cannot maintain a suit on defendant's alleged contract with Howard because not a party to such a contract. We add that no third-party beneficiary theory was advanced in the pleadings, at trial, or in the requested findings of fact. See *Fredenburgh v. Allied Van Lines, Inc.,* 79 N.M. 593, 446 P.2d 868 (1968). We point

out that Howard is not a party to this lawsuit; he did not submit a claim based on his alleged contract with defendant. See *Bank of New Mexico v. Rice,* supra.

*Section 48–15–106(B), supra*

■ The pertinent portions of § 48–15–106(B), *supra*, state:

> By written instructions given to the institution by *all* the parties to the account, the signature of more than one [1] of the persons . . . may be required on any check, receipt or withdrawal order, in which case the institution shall pay the money in the account only in accordance with the instructions . . . . (Our emphasis.)

It is undisputed that the father never gave a written instruction to defendant that more than one signature was to be required for a withdrawal.

Seeking to avoid the statute, plaintiff again argues the alleged contract between defendant and Howard, and its asserted breach. Again, we point out that such a contract is not involved. This suit was by the estate of the father; in dealings with the father, defendant complied with, and did not violate § 48–15–106(B), *supra.* Plaintiff also argues that defendant waived the statute and, by its conduct, should be estopped to rely on the statute. These arguments also go to defendant's dealings with Howard; they do not pertain to the father or to the father's estate.

The judgment against plaintiff is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.